IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRON MOSKOWITZ<br>22 Aster Way<br>Newtown, PA 18940<br><br>      Plaintiff,<br><br>    v.<br><br>NESHAMINY SCHOOL DISTRICT<br>2250 Langhorne-Yardley Road<br>Langhorne, PA 19047<br>    and<br>EDUCATIONAL STAFFING SOLUTIONS<br>*d/b/a* ESS<br>800 Kings Highway North, Suite 405<br>Cherry Hill, NJ 08034<br>    and<br>HR SERVICE GROUP, LLC<br>3905 National Drive, Suite 400<br>Burtonsville, MD 20866<br><br>      Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Myron Moskowitz (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against the Neshaminy School District, Educational Staffing Solutions *d/b/a* ESS, and HR Service Group, LLC (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1]

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same

Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## **JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. The Neshaminy School District (*hereinafter* "Defendant NSD") is a public-school district that serves students from kindergarten through twelfth grade from Middletown Township, Langhorne, Langhorne Manor, Penndel, Hulmeville, and Lower Southampton Township in Bucks County, Pennsylvania, with an address as set forth in the above caption.

9. Educational Staffing Solutions *d/b/a* ESS (*hereinafter* "Defendant ESS") is a staffing company that places qualified staff in daily, long-term, and permanent K-12 school district positions including substitute teachers, paraprofessionals, and other school support staff, with a location at the above-captioned address.

10. Upon information and belief, HR Service Group, LLC (*hereinafter* "Defendant HRSG") is the benefits, payroll, and Human Resources company for Defendant ESS and is listed as Plaintiff's employer on his paystubs and W-2 forms, with an address as set forth in the above-caption.

11. Plaintiff was placed by Defendant ESS to work within Defendant NSD and although Plaintiff was hired and paid through Defendant ESS, by Defendant HRSG, Plaintiff was treated in all functional respects like an employee while working within Defendant NSD. Defendant NSD's management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendant NSD's management and was obligated to

follow the policies of Defendant NSD.  Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

12.	At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

13.	The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.	Plaintiff was hired by Defendant ESS in or about August of 2018 and placed to work within Defendant NSD in or about October of 2018.

15.	Specifically, Plaintiff was employed physically as an instructional aide within Neshaminy High School, located at 2001 Old Lincoln Highway, Langhorne, Pennsylvania.

16.	Throughout Plaintiff's tenure with Defendants, he was a hard-working employee who performed his job well.

17.	Plaintiff has and continues to suffer from various disabilities, including but not limited to diabetes (including neuropathy), hypertension, heart conditions, Chronic Obstructive Pulmonary Disease ("COPD") (and other complications), which resulted in mobility issues and difficulty catching his breath.

18.	As a result of Plaintiff's aforesaid health conditions, Plaintiff was limited in his ability (at times) to perform some daily life activities, such as walking, catching his breath on occasions, and working (among other daily life activities).

19.	Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require

reasonable medical accommodations at times, including but not limited to the ability to take intermittent time off for doctor's/hospital visits when he had a flare-up of his aforesaid serious health conditions.

20. For example, during the first half of the 2019/2020 school year, in or about October of 2019, Plaintiff had 1-2 episodes at work where he felt very light-headed and was seen by medical personnel to make sure that he was alright. On those two occasions, Plaintiff either took the rest of the day off and, on at least one occasion, the following day off.

21. Notwithstanding the two medical episodes that Plaintiff experienced in or about October of 2019, he was still able to perform the essential duties of his job well and continued to do so without any serious flare-ups of his aforesaid health conditions for several months.

22. Thereafter, on or about January 8, 2020, Plaintiff was not feeling well while working and told the teacher he was assisting that he needed to go home; however, as Plaintiff began to walk down the stairs, he collapsed.

23. Immediately after Plaintiff collapsed at work on or about January 8, 2020, it was suggested that Plaintiff have the school nurse examine him. As a result, Plaintiff was helped into a wheel chair and taken to the school nurse.

24. After Plaintiff's aforesaid examination by the school nurse, he was transported by ambulance to the hospital, where he was admitted for two days for medical issues related to his aforesaid health conditions.

25. At all times relevant hereto, Defendants' management was aware of his medical conditions, aforesaid hospitalization on or about January 8, 2020, and need for a brief medical leave for same (a reasonable accommodation under the ADA).

26. After Plaintiff's hospitalization on or about January 8, 2020, and before he could return to work, Plaintiff was informed by Defendant ESS that Defendant NSD did not want him back because "the issues [Plaintiff's medical flare-ups and resulting limited time off] happened more than once this school year."

27. Plaintiff was therefore removed from his assignment by Defendant NSD for reasons directly related to his aforesaid disabilities and/or need for accommodations (*i.e.* the ability to take intermittent time off when he had a flare up of his aforesaid health conditions).

28. Prior to Plaintiff's abrupt termination, Defendants failed to accommodate Plaintiff by (1) failing to engage in the interactive process as required under the ADA and (2) failing to keep Plaintiff's job open during his very brief medical leave of absence.

29. After Plaintiff was terminated from his assignment with Defendant NSD, he was informed by Defendant ESS that they would look into finding him an alternative placement; however, it has been several months since Defendants removed Plaintiff from his assignment with Defendant NSD, and he has still not been given any work.

30. Plaintiff believes and therefore avers that he was actually terminated from his assignment with Defendant NSD because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) in retaliation for needing requested accommodations; and (4) Defendant NSD's failure to properly accommodate him.

31. Plaintiff also believes and therefore avers that he was effectively/constructively terminated and/or not assigned or placed in any other comparable or realistic jobs/assignments from Defendant ESS/Defendant HRSG because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) in retaliation for needing requested accommodations; and (4) Defendant ESS/Defendant HRSG's failure to accommodate his disabilities.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)
-Against Defendant NSD-

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited to walking, catching his breath on some occasions, and working (among other daily life activities).

34. Plaintiff kept Defendant NSD's management informed of his serious health conditions and need for medical treatment throughout his tenure with Defendant NSD.

35. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant NSD; however, Plaintiff did require reasonable medical accommodations at times.

36. Plaintiff requested reasonable accommodations from Defendant NSD, including but not limited to the ability to take intermittent time off for doctor's/hospital visits when he had a flare-up of his aforesaid serious health conditions.

37. Plaintiff was terminated from Defendant NSD **mere days** after requesting and/or while utilizing reasonable medical accommodations.

38. Upon Plaintiff's information and belief, Defendant NSD failed to accommodate Plaintiff by (1) failing to engage in the interactive process as required under the ADA and (2) failing to keep Plaintiff's job open during his very brief medical leave of absence.

39. Plaintiff believes and therefore avers that he was terminated by Defendant NSD due to (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff's disabilities.

40. These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**
**-Against Defendant ESS and Defendant HRSG-**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities including, but not limited to walking, catching his breath on some occasions, and working (among other daily life activities).

43. Plaintiff kept Defendant ESS/Defendant HRSG's management informed of his serious health conditions and need for medical treatment throughout his tenure with Defendants.

44. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant ESS/Defendant HRSG; however, Plaintiff did require reasonable medical accommodations at times.

45. Plaintiff requested reasonable accommodations from Defendant ESS/Defendant HRSG, including but not limited to the ability to take intermittent time off for doctor's/hospital visits when he had a flare-up of his aforesaid serious health conditions.

46. Plaintiff was effectively/constructively terminated from Defendant ESS/Defendant HRSG **mere days** after requesting and/or while utilizing reasonable medical accommodations.

47. Upon Plaintiff's information and belief, Defendant ESS/Defendant HRSG failed to accommodate Plaintiff by (1) failing to engage in the interactive process as required under the ADA and (2) failing to keep Plaintiff's job open during his very brief medical leave of absence.

48. Plaintiff also believes and therefore avers that he was effectively/constructively terminated and/or not assigned or placed in any other comparable or realistic jobs/assignments

from Defendant ESS/Defendant HRSG because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) in retaliation for needing requested accommodations; and (4) Defendant ESS/Defendant HRSG's failure to accommodate his disabilities.

49. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G.     Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

                              Respectfully submitted,

                              **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                              Ari R. Karpf, Esq.
                              3331 Street Rd.
                              Two Greenwood Square, Suite 128
                              Bensalem, PA 19020
                              (215) 639-0801

Dated: October 9, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Myron Moskowitz  :  CIVIL ACTION

v.  :

Neshaminy School District, et al.  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10/9/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __22 Aster Way, Newtown, PA 18940__

Address of Defendant: __2250 Langhorne-Yardley Rd, Langhorne, PA 19047; 800 Kings Hwy N, Ste 405, Cherry Hill, NJ 08034; 3905 National Dr, Ste 400, Burtonsville, MD 20866__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/9/2020__   _____   __ARK2484 / 91538__
                                *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __10/9/2020__   _____   __ARK2484 / 91538__
                                *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MOSKOWITZ, MYRON

### DEFENDANTS
NESHAMINY SCHOOL DISTRICT, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of ADA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/9/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset