**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **MYRON MOSKOWITZ,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NESHAMINY SCHOOL DISTRICT** *et al.*, | : | **No. 20-5016** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                            DECEMBER  |  , 2021

Myron Moskowitz brought suit against his employer, Neshaminy School District (the "District"), and associated staffing and human resources agencies for termination of his employment as an Instructional Assistant based on his disabilities. The District moved to dismiss all counts for failure to state a claim.[1] Because Mr. Moskowitz fails to allege sufficient factual matter to support each of his claims, the Court will grant the District's motion to dismiss.

### BACKGROUND

Mr. Moskowitz was hired by Defendant Educational Staffing Solutions in August 2018 and placed with Neshaminy School District to work as an instructional assistant in October 2018. Throughout his employment, Mr. Moskowitz suffered from diabetes, hypertension, heart conditions, and Chronic Obstructive Pulmonary Disease, which resulted in issues walking and catching his breath at times. He alleges that he experienced two "flare-ups" of his medical conditions "where he felt light-headed and needed to obtain medical treatment for same" in October 2019. Doc. No. 20 ¶¶ 20–21. Then, on January 8, 2020, he informed the teacher he was assisting that he was not feeling well and began to leave, but collapsed as he began to walk down the stairs. He was hospitalized for two days and, at some point before he could return to work,

---

[1] Defendants Educational Staffing Solutions and HR Service Group LLP did not join in the District's Motion to Dismiss.

Educational Staffing Solutions informed him that the District did not want him to return due to his "issues" happening "more than once this school year." *Id.* ¶¶ 24, 26. Educational Staffing Solutions told him they would look into finding an alternative placement but he has not yet received one.

Mr. Moskowitz brought claims under the Americans with Disabilities Act (ADA) and Pennsylvania Human Relations Act against the District, Educational Staffing Solutions, and HR Service Group, LLC as joint employers.[2] Mr. Moskowitz asserts claims for disability discrimination, retaliation, and failure to accommodate. The District moved to dismiss for failure to state a claim.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not "go into particulars" about the plaintiff's claims to survive a Rule 12(b)(6) motion, but "must do more than allege the plaintiff's entitlement to relief," by "show[ing] such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211, 213 (3d Cir. 2009). The Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Lloyd v. Salameh*, 442 F. App'x 630, 631 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

---

[2] Neshaminy School District initially filed a Motion to Dismiss for Failure to State a Claim that was mooted by Mr. Moskowitz's unopposed motion for leave to amend. Doc. No. 19. Mr. Moskowitz then filed his First Amended Complaint. Doc. No. 20. It is this amended complaint that the District now seeks to dismiss.

Courts in the Third Circuit typically "consider the ADA and PHRA claims simultaneously, because the Acts serve the same goals and are interpreted coextensively." *Castellani v. Bucks Cnty. Municipality*, 351 F. App'x 774, 777 (3d Cir. 2009). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

<h3 align="center">DISCUSSION</h3>

The District argues that Mr. Moskowitz does not introduce factual allegations sufficient to support the assertion that he is able to perform his job's essential functions or that he requested accommodation from the District, and that punitive damages are not available against the District as a government entity under the ADA. The Court will address each issue in turn.

## I.    Essential Job Functions

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) a disability under the ADA, (2) that the plaintiff is otherwise qualified to perform the "essential functions" of the job, and (3) an adverse employment action as a result of the discrimination. *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

The District argues that "being able to be present for work consistently to assist special needs students is an essential job function of being an [Instructional Assistant] in the School District." Doc. No. 24-1, at 8.[3] Because Mr. Moskowitz could not reliably be present at his job, the District argues, he cannot establish that he is otherwise qualified to perform the essential functions of his job. *Id.* In particular, the District argues that an Instructional Assistant "must be able to show up for work regularly and stay at school for the whole school day until his assigned

---

[3] The District attaches the Instructional Assistant job description as an exhibit to its motion and suggests that the Court could either consider its motion to dismiss as a summary judgment motion or view the job description as integral to the complaint and thus proper material for a motion to dismiss. The Court declines to pursue either approach and excludes the job description exhibit for purposes of this Opinion.

3

student has gone home for the day." Doc. No. 24-1, at 5. Courts in this District have also accepted regular attendance as an essential job function in the school context. *See, e.g.*, *Jordan v. Sch. Dist. of Phila.*, No. 11-cv-2712, 2012 WL 1932177 (E.D. Pa. May 29, 2012); *Meyers v. Conshohocken Catholic Sch.*, No. 03-cv-4693, 2004 WL 3037945 (E.D. Pa. Dec. 30, 2004).

Although Mr. Moskowitz argues that determining essential functions is a factual issue unsuited for the motion to dismiss stage, he does not dispute the District's assertion that regular attendance is an essential function for an Instructional Assistant. *See* Doc. No. 26, at 8. Indeed, it appears implausible to dispute this point. Instead, Mr. Moskowitz argues that he is able to perform the role of an Instructional Assistant with the accommodation of allowing intermittent absences. Mr. Moskowitz's Amended Complaint alleges that "[d]espite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times, including but not limited to the ability to take intermittent time off for doctor's/hospital visits when he had a flare-up of his aforesaid serious health conditions." Doc. No. 20 ¶ 19.

However, "[c]ourts have held that 'reasonable accommodation' does not mean eliminating an essential function of the job." *Rucker v. City of Phila.*, No. 94-cv-0364, 1995 WL 464312, at *3 (E.D. Pa. July 31, 1995), *aff'd*, 85 F.3d 612 (3d Cir. 1996); *see also Keeshan v. Home Depot, U.S.A., Inc.*, No. 00-cv-529, 2001 WL 310601, at *6 (E.D. Pa. Mar. 27, 2001), *aff'd*, 35 F. App'x 51 (3d Cir. 2002) (citing same). Mr. Moskowitz "has failed to allege that any accommodation could prevent him from needing to leave his post." *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 648 (S.D.N.Y. 2011). Mr. Moskowitz alleges only the legal conclusion that "Plaintiff was still able to perform the essential duties of his job well" without any factual basis for the Court to draw inferences in his favor. Because he fails to assert sufficient factual material

to support a plausible claim for discriminatory termination, the Court will dismiss Mr. Moskowitz's discrimination claim against the District without prejudice.

## II.   Request for Accommodation

The District also argues that Mr. Moskowitz never requested an accommodation and does not plead any facts to establish that he requested an accommodation as required by the ADA. Doc. No. 24-1, at 8–9. "To show that an employer failed to participate in the interactive process, a disabled employee must demonstrate: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319–20 (3d Cir. 1999). "Under the ADA, an employee must make an initial request for an accommodation in order to trigger an employer's obligation to participate in the interactive process of designing a reasonable accommodation for the employee's disability." *Boice v. Se. Pa. Transp. Auth.*, No. 05-cv-4772, 2007 WL 2916188, at *13 (E.D. Pa. Oct. 5, 2007). "The employer's duty to engage in the interactive process commences once the employee has provided information that 'the employer can be fairly said to know of both the disability and desire for accommodation.'" *Id.* (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 312 (3d Cir. 1999)).

Mr. Moskowitz asserts that paragraph 36 of his Amended Complaint provides a factual basis for a failure to accommodate violation, stating that "Plaintiff requested reasonable accommodations from Defendant NSD, including but not limited to the ability to take intermittent time off for doctor's/hospital visits when he had a flare-up of his aforesaid serious health

5

conditions." Doc. No. 26, at 15 (quoting Doc. No. 20 ¶ 36).[4] In paragraph 37 of his Amended Complaint, he also alleges that he "was terminated from Defendant NSD **mere days** after requesting and/or while utilizing reasonable medical accommodations." Doc. No. 20 ¶ 37 (emphasis in original).

The District argues that the "conclusory statement" that Plaintiff requested an accommodation is not sufficient to support a plausible ADA claim. Doc. No. 24-1, at 9. The District is correct. Mr. Moskowitz does not allege, for example, to whom he requested the ability to take intermittent time off and when he made such request(s), as would be necessary to determine whether and when the employer's duty to engage in the interactive process began. In alleging a time frame of "mere days," Mr. Moskowitz states that he requested "and/or" utilized the accommodations "mere days" before his termination. Doc. No. 20 ¶ 37. At oral argument, counsel for Mr. Moskowitz argued that the paragraph should say "and," rather than "and/or," as support for his allegation that he made a request for accommodation under the ADA. The lack of precision underscores the vagueness of Mr. Moskowitz's request for accommodation claim.

Mr. Moskowitz does not provide any factual allegations that, when construed in his favor, establish that he requested an accommodation from the District. Therefore, Mr. Moskowitz does not allege sufficient facts to support this claim against the District and it will also be dismissed without prejudice.

## III.   Retaliation

The District also argues that, because Mr. Moskowitz does not establish that he is a qualified individual or that he requested an accommodation, he cannot establish a prima facie claim

---

[4] Mr. Moskowitz cites *Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F. Supp. 2d 694, 701 (E.D. Pa. 2010), for the proposition that "[a] leave of absence for medical treatment may constitute a reasonable accommodation under the ADA."

for retaliation. Doc. No. 27, at 4–5.[5] "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Although a "request for additional leave is protected activity under the ADA" for retaliation purposes, *Bernhard*, 720 F. Supp. 2d at 703, Mr. Moskowitz does not actually allege that he requested additional leave. In his briefing, Mr. Moskowitz argues that he was terminated "within days of his January 2020 request for medical leave." Doc. No. 26, at 15. Yet, his complaint does not actually allege that he requested additional leave in January 2020. The closest the Amended Complaint comes to reaching such a factual allegation is paragraph 25, where Mr. Moskowitz alleges that "Defendants' management was aware of his medical conditions, aforesaid hospitalization on or about January 8, 2020, and need for a brief medical leave for same (a reasonable accommodation under the ADA)." Doc. No. 20 ¶ 25. Again, however, this paragraph offers only a legal conclusion; Mr. Moskowitz does not allege any factual matter that this Court could construe in his favor. Further, there is an important distinction between Mr. Moskowitz's allegation that the District was "aware" of his "need" for additional leave and his current argument that he actually requested it as an accommodation. Mr. Moskowitz raises no other basis for this Court to find that he engaged in protected activity.

Therefore, Mr. Moskowitz's retaliation claim against the District must also be dismissed without prejudice.

---

[5] While Mr. Moskowitz argues that the District's motion to dismiss "does not include any factual or legal arguments supporting dismissal of [his] retaliation claims," Doc. No. 26, at 6, the Court accepts the District's position that its arguments regarding Mr. Moskowitz's failure to allege that he actually requested an accommodation also apply to the retaliation claim.

## IV.    Punitive Damages

Mr. Moskowitz also requests punitive damages against all defendants.  Doc. No. 20, at 9–

10.  The District argues that they are exempt from punitive damages under the government entities

exception to the ADA.  *See* 42 U.S.C. § 1981a(b)(1); *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437,

457 (3d Cir. 2001).  Even though the other two defendants do not join in the District's motion, the

District also argues that all defendants are exempt from punitive damages for the retaliation claim

and all PHRA claims because punitive damages are not available under these theories.  *Baker v.*

*PPL Corp.*, 09-cv-0428, 2010 WL 419417, at *8 (M.D. Pa. Jan. 29, 2010) (retaliation claim); *Hoy*

*v. Angelone*, 691 A.2d 476, 484, *as modified* 691 A.2d 485 (Pa. Super. 1997), *and aff'd*, 720 A.2d

745 (Pa. 1998) (PHRA claim).[6]

Because the Court dismisses each of the underlying ADA and PHRA claims against the

District, punitive damages for each claim are not available.

### CONCLUSION

For the foregoing reasons, the Court grants Neshaminy School District's motion to dismiss

Mr. Moskowitz's claims without prejudice.  An appropriate Order follows.


BY THE COURT:


GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[6] Although Mr. Moskowitz does not make this argument, the Court notes that at least some courts in the Eastern District of Pennsylvania have declined to follow the case cited by the District for this proposition. *See, e.g., Munoz v. Armstrong Flooring, Inc.*, No. 18-cv-1209, 2019 WL 2357759, at *16 (E.D. Pa. June 4, 2019) ("[T]his Court has declined to follow *Hoy* as several cases decided before *Hoy* awarded punitive damages under the PHRA.").