## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYRON MOSKOWITZ,<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NESHAMINY SCHOOL DISTRICT *et al.*,<br>*Defendants* | : | No. 20-5016 |

## MEMORANDUM

PRATTER, J.                                                        JANUARY *19*, 2022

Myron Moskowitz brought suit against his employer, Neshaminy School District (the "District"), and associated staffing and human resources agencies, for termination of his employment as an Instructional Assistant based on his disabilities. After a previous dismissal without prejudice, and the filing of an amended complaint, the District again moves to dismiss all counts for failure to state a claim. Because Mr. Moskowitz has now alleged sufficient factual matter to plausibly support each of his claims, the Court will deny the District's motion to dismiss, except as to the claim for punitive damages.

### BACKGROUND

#### A. Factual Background

Mr. Moskowitz was hired by Educational Staffing Solutions in August 2018 and placed with Neshaminy School District to work as an instructional assistant in October 2018. Throughout his employment, Mr. Moskowitz suffered from diabetes, hypertension, heart conditions, and Chronic Obstructive Pulmonary Disease, which resulted in issues walking and catching his breath at times. He alleges that a year after he started working for the defendants, namely in October 2019, he experienced two episodes at work where he felt very light-headed, was seen by medical personnel, and took the day off from work. Then, on January 8, 2020, he informed the teacher he

1

was assisting that he was not feeling well and began to leave the school building, but collapsed as he began to walk down the stairs. He was hospitalized for two days and, before he could return to work, Educational Staffing Solutions informed him that the District did not want him to return due to his "issues" happening "more than once this school year." Doc. No. 37 ¶¶ 37, 38. Educational Staffing Solutions told him they would look into finding an alternative placement, but he has not yet received one.

## B. Procedural Background

Mr. Moskowitz brought claims under the Americans with Disabilities Act (ADA) and Pennsylvania Human Relations Act (PHRA) against the District, Educational Staffing Solutions, and HR Service Group, LLC as joint employers. Mr. Moskowitz asserts claims for disability discrimination, failure to accommodate, and retaliation.

In response to Mr. Moskowitz's original complaint, the District filed a motion to dismiss. The Court granted Mr. Moskowitz leave to file a First Amended Complaint in lieu of opposing the motion to dismiss. Then, the District filed a motion to dismiss the First Amended Complaint, which this Court granted without prejudice. Mr. Moskowitz then filed a Second Amended Complaint, which the District now moves to dismiss. Defendants Educational Staffing Solutions and HR Service Group LLC have not joined the District's motion to dismiss.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not "go into particulars" about the plaintiff's claims to survive a Rule 12(b)(6) motion, but "must do more than allege the plaintiff's entitlement to relief," by "show[ing] such an entitlement

with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211, 213 (3d Cir. 2009). The Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Lloyd v. Salameh*, 442 F. App'x 630, 631 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Courts in the Third Circuit typically "consider the ADA and PHRA claims simultaneously, because the Acts serve the same goals and are interpreted coextensively." *Castellani v. Bucks Cnty. Municipality*, 351 F. App'x 774, 777 (3d Cir. 2009).

DISCUSSION

The District argues that Mr. Moskowitz's Second Amended Complaint still does not allege sufficient facts from which to infer that he is able to perform his job's essential functions or that he requested accommodation from the District, and also that punitive damages are not available against the District as a government entity under the ADA.

**I.    Essential Job Functions**

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) a disability under the ADA, (2) that the plaintiff is otherwise qualified to perform the "essential functions" of the job, and (3) an adverse employment action as a result of the discrimination. *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

In granting the District's previous motion to dismiss, the Court found that Mr. Moskowitz's First Amended Complaint alleged "only the legal conclusion that 'Plaintiff was still able to perform the essential duties of his job well' without any factual basis for the Court to draw inferences in his favor." Doc. No. 34, at 4. In his Second Amended Complaint, however, Mr. Moskowitz now alleges factual matter to support the inference that he was qualified to perform

3

the essential functions of his role.  He asserts that the essential functions of an instructional assistant are interacting with students in the classroom and assisting with instruction, that he did perform his duties, and that he was never the subject of discipline or performance issues prior to the termination of his employment.  Doc. No. 37 ¶¶ 20, 23, 24.  He alleges that he regularly attended work because he was absent only four days over more than a year prior to the termination (including one day absent for a funeral rather than a medical reason).[1]  *Id.* ¶¶ 22, 28.

While the Court previously accepted the District's proposition that "regular attendance" was an essential job function because Mr. Moskowitz did not challenge this point, the District has now adopted a more restrictive stance.  In its most recent motion, the District argues that the essential function is "being present at school *every day* to assist students with special needs."  Doc. No. 39-1, at 6 (emphasis added).  Mr. Moskowitz challenges this characterization of his job's essential functions, arguing that to disallow even one absence is unreasonable and raises a question of fact about the essential job functions that is unsuited for the motion to dismiss stage.  The Court agrees.  This dispute precludes dismissal because "whether a particular function is essential is a factual determination that must be made on a case by case basis based upon all relevant evidence." *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 148 (3d Cir. 1998) (internal quotation marks omitted). Mr. Moskowitz's Second Amended Complaint includes sufficient factual matter to establish a discrimination claim under the ADA.

## II.    Request for Accommodation

The District also argues that Mr. Moskowitz still does not plead sufficient facts to establish that he requested an accommodation as required for a failure to accommodate claim.  "To show that an employer failed to participate in the interactive process, a disabled employee must

---

[1]  Mr. Moskowitz also attaches a new exhibit to his complaint, which is a doctor's note dated January 14, 2020, that clears him to return to work without restrictions.  Doc. No. 37 Ex. A.

4

demonstrate: (1) the employer knew about the employee's disability; (2) the employee requested accommodations or assistance for his or her disability; (3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and (4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319–20 (3d Cir. 1999). "Under the ADA, an employee must make an initial request for an accommodation in order to trigger an employer's obligation to participate in the interactive process of designing a reasonable accommodation for the employee's disability." *Boice v. Se. Pa. Transp. Auth.*, No. 05-cv-4772, 2007 WL 2916188, at *13 (E.D. Pa. Oct. 5, 2007). "The employer's duty to engage in the interactive process commences once the employee has provided information that 'the employer can be fairly said to know of both the disability and desire for accommodation.'" *Id.* (quoting *Taylor*, 184 F.3d at 312).

The Court previously agreed with the District that a conclusory statement in the First Amended Complaint that Mr. Moskowitz requested an accommodation was not sufficient to support a plausible ADA claim. The Court noted that "Mr. Moskowitz does not allege, for example, to whom he requested the ability to take intermittent time off and when he made such request(s), as would be necessary to determine whether and when the employer's duty to engage in the interactive process began." Doc. No. 34, at 6.

However, Mr. Moskowitz has cured this deficiency in his Second Amended Complaint. He now alleges that he spoke with the school principal, Ryan Staub, when he was in the school nurse's office before going to the hospital on January 8, 2020. He alleges that he informed Mr. Staub of his heart condition and requested "a few days off" for medical treatment, but that no one from the District ever spoke with him about this request. Doc. No. 37 ¶¶ 33–34, 44. While the

5

District criticizes these allegations as an "implausible scenario," Doc. No. 39-1, at 4, the Court accepts the factual allegations in a complaint as true for purposes of a motion to dismiss.

The District also argues that, even if Mr. Moskowitz did make this request, a request for indefinite leave is not a request for a reasonable accommodation. The District argues that requesting "a few days" off is not specific enough "and did not provide any solution for dealing with future medical emergencies that the Plaintiff might experience on the job." Doc. No. 39-1, at 10. The District also argues that allowing absences by temporary workers from placement agencies is uniquely unreasonable. However, Mr. Moskowitz alleges that he asked for "a few days off", not indefinite leave. Even if he did need indefinite leave, the District's arguments reach beyond the four corners of the complaint and ask the Court to draw factual conclusions before discovery has been conducted. *See Equal Emp. Opportunity Comm'n v. Def. Ass'n of Phila.*, 408 F. Supp. 3d 621, 628 (E.D. Pa. 2019) (noting that "the question of indefinite leave cannot be resolved in the absence of a developed record").

Further, "the question of reasonableness is one that is determined when *both* parties engage in the interactive process to find accommodations." *Kortyna v. Lafayette Coll.*, 47 F. Supp. 3d 225, 241 n.50 (E.D. Pa. 2014). Under Mr. Moskowitz's version of events, he informed the school principal of his medical condition and need for an accommodation, yet the District did not respond to this request. Instead, as alleged by Mr. Moskowitz, the District summarily terminated his employment. These allegations support an argument that the District failed to engage in the interactive process required by the ADA to attempt to reach a reasonable accommodation for Mr. Moskowitz's medical disabilities. Thus, Mr. Moskowitz's failure to accommodate claim survives the motion to dismiss stage.

### III.    Retaliation

The District also argues that, if Mr. Moskowitz does not establish that he is a qualified individual or that he requested an accommodation, then he also cannot establish a prima facie claim for retaliation.  The Court has rejected both of these arguments and will briefly assess whether Mr. Moskowitz has established a retaliation claim.  "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

A "request for additional leave is protected activity under the ADA" for retaliation purposes. *Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F. Supp. 2d 694, 703 (E.D. Pa. 2010). "[T]emporal proximity between the protected activity and the termination is itself sufficient to establish a causal link." *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003).  Mr. Moskowitz's Second Amended Complaint alleges that he requested additional leave from the school principal and that his employment was terminated "within hours of his request." Doc. No. 37 ¶ 44.  Therefore, the Court will also deny the District's motion to dismiss the retaliation claim.

### IV.    Punitive Damages

Lastly, the District argues that it is exempt from punitive damages.  Mr. Moskowitz seeks an award of punitive damages as to all three defendants.  Doc. No. 37, at 11.  Yet, as a matter of law, the District is correct that school districts are government entities immune from punitive damages under the ADA and PHRA.  *See* 42 U.S.C. § 1981a(b)(1); *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437, 457 (3d Cir. 2001); *Taylor v. Phoenixville Sch. Dist.*, 113 F. Supp. 2d 770, 777 (E.D.

Pa. 2000).   Thus, the Court will grant the motion to dismiss the request for punitive damages against the District.[2]

<strong>CONCLUSION</strong>

For the foregoing reasons, the Court denies Neshaminy School District's motion to dismiss Mr. Moskowitz's claims except as to the request for punitive damages.   An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[2]   This ruling does not apply to the two non-moving defendants, Educational Staffing Solutions and HR Service Group.